■ MICHAEL C. JACKSON, Appellant-Respondent, v JUDITH JACKSON, Respondent-Appellant.—Order, of the Supreme Court, New York County (David Saxe, J.), entered February 27, 1989, granting defendant wife's motion and directing appellant husband to pay her the sum of $17,539.78 and any subsequent assessment caused in the same manner, is unanimously affirmed, without costs.

In this postjudgment divorce matter the issue on appeal is whether a tax deficiency, occurring from the failure to file and elect as a subchapter S corporation, is a failure to report income. In section VI of the separation agreement that was incorporated but not merged into the divorce decree, the husband is to pay any tax deficiency due to the wife's failure or neglect to disclose any income that is to be included in the tax return. The wife began a corporation, Readers Express, Inc., from joint marital funds. Her attorney at the time of incorporation filed an election of subchapter S corporation with the Federal Government but not with the State. A tax deficiency resulted. If a corporation has not properly elected to be treated as an S corporation "any item of loss or deduction of the corporation" shall be included in gross income (Tax Law § 612 [b] [19] [A]). Thus, the deficiency was due to an underreporting of losses rather than income. The section in issue should be construed literally as long as it can reasonably reflect the parties' intent. *(Greenwich Vil. Assocs. v Salle,* 110 AD2d 111, 114 [1st Dept 1985].)

The court cannot broaden the meaning of income here to include underreporting of losses. If that was the intent of the parties, section VI of the separation agreement should have exempted the husband from paying *any* tax deficiency and not just those resulting from the failure or neglect of the wife to report income. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.